IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH S. COEY,

    Plaintiff,

v.                                                         Civ. No. 02-0007RLP/DJS

ALFRED PARKER, TERRY LAUDICK,
JOE CHRISTIAN, and NEW MEXICO
EDUCATOR'S FEDERAL CREDIT UNION,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Plaintiff's Motion to Remand [Doc. 14]. Having read the submissions of the parties, the court finds that the Motion is well-taken and will be granted.

This case was pending in the Second Judicial District Court, State of New Mexico, having been filed on February 21, 2001. On December 13, 2001 Plaintiff filed his Second Amended Complaint for Interference with Contractual Relations and Prospective Economic Advantage, Conspiracy and Breach of Contract (the "Second Amended Complaint") in state court. The Second Amended Complaint added defendant New Mexico Educator's Federal Credit Union (the "Credit Union") as a party. On January 3, 2002, Defendants filed their Notice of Removal [Doc. 1], alleging that the naming of the Credit Union as a party and Plaintiff's claims for loss of retirement benefits as part of his damages, the case now presented a federal question under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461, § 1132(a). The court finds that the removal, brought pursuant to 28 U.S.C. § 1131, is timely.

Plaintiff filed his Motion to Remand, alleging that the mere reference to the loss of retirement benefits is insufficient for ERISA preemption. Defendants argue that because Plaintiff seeks retirement benefits as contractual damages, his claims necessarily fall under ERISA despite the characterization of his claims as state law contract and tort claims.

Plaintiff alleges that he was appointed Manager of the Credit Union in 1980 pursuant to a written contract. Second Amended Complaint, ¶ 5. He subsequently became President and CEO of the Credit Union. *Id.* at ¶ 6. He alleges that the other named individual defendants colluded, conspired, or otherwise acted improperly to have him fired as President and CEO. *Id.* at ¶¶ 19-24. He asserts that his employment was terminated without cause on January 12, 2000. *Id.* at ¶ 31. He seeks compensatory and punitive damages under various state law causes of action, *i.e.*, interference with contractual relations, interference with prospective economic advantage, conspiracy, and breach of contract.

In *Wilcott v. Matlack, Inc.*, 64 F.3d 1458 (10th Cir. 1995), the court analyzed ERISA preemption:

> Before preemption will be found, three requirements must be met. There must be a state law, an employee benefit plan, and the state law must relate to the employee benefit plan[.] A law relates to an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such plan. Thus, even if a state law is not specifically directed toward the regulation of an ERISA plan or affects such a plan only indirectly, it can still be found to relate to a plan. There is no simple test for determining when a law relates to a plan. This circuit has recognized four categories of laws which have been held preempted because they relate to ERISA plans[.]

2

> First, laws that regulate the type of benefits or terms of ERISA plans. Second, laws that create reporting, disclosure, funding, or vesting requirements for ERISA plans. Third, laws that provide rules for the calculation of the amount of benefits to be paid under ERISA plans. Fourth, laws and common-law rules that provide remedies for misconduct growing out of the administration of the ERISA plan.

*Id*. at 1462 (ellipses omitted, indicated by brackets; citation omitted).

The issue in this case, as it was in *Wilcott* is whether the fourth preemption category applies. The court noted that "an employee may rely on state law to redress the breach of an employment contract, notwithstanding the presence of an ERISA plan, if the factual basis of the suit is independent of the rights and duties created by the plan." *Id*.

In the Second Amended Complaint ("Statement of Facts'), Plaintiff alleges that he "has lost income, past and future benefits, including retirement income, and other compensatory damages to be proven at trial." Second Amended Complaint [Doc. 1], ¶ 35. He alleges that he had written and oral contractual agreements with the Credit Union. *Id*. at ¶ 38. In Count IV ("Breach of Contract"), Plaintiff alleges that the employee handbook created an employment contract, and he further alleges that certain conduct of the Board created an implied employment contract. *Id*. at ¶¶ 61-74. In all of his prayers for relief, Plaintiff asserts that his pecuniary losses include loss of income and loss of retirement benefits. *Id*.

Based on the foregoing allegations, the court finds that Plaintiff's claims are independent of the existence on an ERISA plan and thus are not preempted. *See Wilcott*, 64 F.3d at 1463. Similar claims in *Wilcott* were also held not preempted. One category of the *Wilcott* plaintiff's claims which were held to be preempted related directly to the

3

ERISA plan: misrepresentations of the nature of the plaintiff's rights under the plan. *Id.* at 1464. No such claims are made here. All of the theories of recovery concern the defendants' alleged conduct culminating in the termination of Plaintiff's employment and the resulting loss of compensation. An allegation that this loss of employment may have also lead to loss of retirement benefits does not bring ERISA preemption into play. *Wilcott*.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Remand [Doc. 14] is granted;

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the following pending Motions are denied as moot: Motion for Summary Judgment [Doc. 5] and Motion to Strike [Doc. 22];

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this case shall be remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge
(sitting by designation)

FOR THE PLAINTIFF: J. Edward Hollington, Esq.

FOR THE DEFENDANTS: Barbara G. Stephenson, Esq.